MERCEDES SANTOS, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1099. Submitted March 7, 1942.—Decided March 13, 1942.

132

*Andrés Ruiz, Jr.,* for appellant.   The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

By a public deed executed on September 6, 1941, in Mayagüez before Notary Andrés Ruiz, Jr., the marshal of the District Court of Mayagüez conveyed a piece of urban property to Mercedes Santos as the only bidder at the sale at

public auction held by said officer in compliance with an order of the court issued in a summary foreclosure proceeding brought by said Mercedes Santos against Juan José Suárez and the unknown heirs of Felipa Jiménez. On presentation of said deed for record in the Registry of Property of Mayagüez, the registrar refused to record the same on the grounds set forth in the following decision:

"The record sought is denied because it appears from the registry that said property is recorded in the name of Felipa Jiménez, married to Juan José Suárez, and the mortgage foreclosure proceeding was brought against Juan José Suárez and John Doe and Richard Roe, the unknown heirs of Felipa Jiménez (whose death is not mentioned), and it does not appear that the heirs of Felipa Jiménez were summoned or served with a demand for payment, or cautioned in any way, and moreover it appears that the published notice of sale of the said piece of property was issued under date of August 22, 1941, and in it the public sale was advertised for the 16th of August of the same year, that is, to take place six days prior to the date of the issuance of the said order, all of which has been entered on the back of folio 46, vol. 134 of Mayagüez, property No. 5158, inscription 'A', for the statutory term. Mayagüez, January 22, 1942."

The second ground for the refusal was eliminated as a result of a correction effected before the registrar concerning the dates in question, there remaining only the first ground which is the one involved in the present administrative appeal taken by Mercedes Santos.

As stated by the respondent registrar in his decision, the mortgaged property, the subject matter of the summary foreclosure proceeding in the District Court of Mayagüez, appears recorded in the name of Felipa Jiménez, married to Juan José Suárez. Yet said proceeding was brought against Juan José Suárez and John Doe and Richard Roe, the unknown heirs of Felipa Jiménez, and in the order for the sale at public auction made by the court, the following appears:

"Having considered the motion of the plaintiff for an order directing the sale at public auction of the mortgaged property on the

ground of the failure on the part of the defendants to pay the amounts claimed within the proper time, *and it appearing from the record of this case that defendant Juan José Suárez, who is in possession of the mortgaged estate and manages the same as its owner, was personally served with a demand for payment by the marshal of this district court*, and that no deed of cancellation has been presented accompanied with the proper entry of record in the registry of property or a certificate from the registrar evidencing the cancellation of the mortgage involved in the present proceeding, the court orders that, after the publication of the proper edicts during the time fixed by law, the mortgaged property be sold at public auction, . . . etc." (Italics ours.)

The question to be determined is whether, admitting the fact of the death of Felipa Jiménez, the owner of the mortgaged property, a demand for payment served on her husband, Juan José Suárez, who held possession and was in charge of the property, is sufficient, without a showing that the heirs of Felipa Jiménez had been summoned, served with a demand for payment, or cautioned in any way within the summary foreclosure proceeding.

The appellant admits as true that the property is recorded in the registry of property in the name of said Felipa Jiménez, married to Juan José Suárez, but maintains that the demand for payment served on the widower is sufficient and valid under § 128 of the Mortgage Law and § 171 of the Mortgage Law Regulations, and accordingly he seeks to distinguish the decision of this court in *Arvelo et al. v. Banco Ter. and Agr.*, 25 P.R.R. 677, applying said sections, and lastly cites the case of *Heirs of Mandes v. Heirs of Agüero*, 42 P.R.R. 660.

As regards the latter case, we fail to see that it has any application to the case at bar, as it only decides that the citation or demand in a summary foreclosure proceeding is not that the debtor appear in court but that he should pay, and that strictly speaking there are no parties defendant. That part of the quotation taken from the syllabus, on which the appellant relies and which is to the effect that in a sum-

mary foreclosure proceeding there are no parties defendant "that must be notified" is not to be found in the opinion, nor could it be found there because compliance must always be had with the requisite of the service of demand or summons on the debtor, in accordance with § 128 of the Mortgage Law which, in its pertinent part, provides as follows:

"Section 128. . . . . . . . .

"Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

Let us now consider this matter on the merits.

The respondent registrar calls our attention to the fact that in the order made by the District Court of Mayagüez it is stated that Juan José Suárez holds possession of the mortgaged property and is in charge of the same as owner, and that such assertion does not appear from the registry, for, as we have seen, the property appears recorded in the name of Felipa Jiménez, married to Juan José Suárez.

Conceding that the property actually belonged to the conjugal partnership, we can not assume that Juan José Suárez, as the widower, is the only heir of Felipa Jiménez, and the fact of his being a co-owner of the estate does not convert him into the sole owner thereof on the mere allegation in the summary foreclosure proceeding that the heirs of Felipa Jiménez are unknown.

Article 171 of the Mortgage Regulations partly provides as follows:

". . . When any of the persons on whom demand for payment is to be made should not reside in the municipal district where any of the property is situated, the demand shall be made on the person in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner thereof without delay. . . ."

Construing and applying §§ 128 and 171, *supra,* in the above-cited case of *Arvelo* v. *Blanco,* this court held as follows:

"As will be seen by an express statutory provision, demand for payment should have been made upon Hilario Arvelo, who, according to the registry, was the owner of the property mortgaged to the Banco Territorial y Agrícola, if he resided in the ward of Jayuya of the municipality of Utuado, where the mortgaged property was situated, and his domicile was known; but Hilario Arvelo having died before the summary foreclosure proceeding was begun, was it sufficient to make the demand upon the person in charge of the estate in any legal capacity whatsoever? We are of the opinion that it was not.

"It is obvious that no demand for payment could be made upon Arvelo because he was dead, but his personality was continued in his heirs, who substituted him in all his transferable rights, both active and passive, and therefore the demand for payment should have been made upon them, personal demand upon them being excusable only in case they did not reside in the district where the mortgaged property was situated and their domicile was unknown.

"      *      *      *      *      *      *      *

"In authorizing demand for payment upon the person in charge of the property in any legal capacity the statutes cited do not refer to a case in which the debtor had died, but to a case in which the debtor does not reside in the municipal district. Besides, in the event of the death of the debtor the person in charge of the property would be unable to give notice of the demand to the owner, who, by his death, has ceased to be such, the ownership passing to his heirs.

"By the death of Hilario Arvelo his heirs became liable for the debt, and no demand for payment was made upon them either personally or through an agent or lessee; hence, as the demand was made upon the person in charge of the property, notice of the same should have been published as we have indicated. But even if such publication had been made, the demand would not have affected the heirs of Arvelo, because the necessary conditions for dispensing with personal service were lacking."

As already stated, the appellant has attempted to distinguish the above-cited case from the case at bar upon the

ground that in the *Arvelo* case, *supra,* the summons was only served on the widower who was in charge of the property, but not on the heirs of Arvelo, despite the fact that they were known and living within the same jurisdiction, and it was not alleged in the summary proceedings, as was done in the instant case, that the heirs constituting the succession were unknown.

The argument is a specious one. The bare allegation that the heirs of Felipa Jiménez were unknown is not well founded, according to the facts. If the property appeared recorded in the name of Felipa Jiménez, married to Juan José Suárez, the owner of record and debtor was the conjugal partnership. *Cortés et al.* v. *Díaz et al.,* 31 P.R.R. 433, 439, 440. That being so, Juan José Suárez, as the widower, was a forced heir under § 736 (3) of the Civil Code in the manner and to the extent provided by § 761 *et seq.* of the said code; and assuming that there were no other heirs of Felipa Jiménez, said widower might even be the sole heir under § 909. So that, as to Juan José Suárez, the appellant could not allege that he did not know that he was a member, in such share as might correspond to him, of the succession of Felipa Jiménez. However, he was neither sued nor served with a demand in that capacity in the summary proceeding, nor was he served either as attorney in fact or lessee in possession of the property and, therefore, service of the demand, as regards such heirs of Felipa Jiménez as might be unknown to the appellant, ought to have been made by publication, in accordance with § 171 of the Mortgage Law Regulations, and as regards Juan José Suárez as joint owner and a member of said succession.

It is further alleged by the appellant that, in any event, the published notice of sale at public auction, as the same appears in marshal's deed, is sufficient information and notice to the unknown heirs of Felipa Jiménez. In the case of *Cortés* v. *Díaz, supra,* we held that the lack of the

demand for payment is not a mere matter of procedure but a jurisdictional one which can not be cured by the publication of the notice of sale. There, in dealing with circumstances similar to those of the case at bar, it was said:

"In arguing the second assignment appellants profess to accept without question the doctrine of this court in *Arvelo* v. *Banco Territorial y Agrícola,* 25 P.R.R. 677, but seek to distinguish the same by reason of the circumstance that in the case at bar the husband, record owner and mortgagor of the property in question, was alive at the time of the foreclosure proceedings, and, therefore, no demand upon the heirs of the deceased wife was necessary."

"* &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"The mere circumstance that here the husband survived the wife, while in the *Arvelo Case* the wife survived the husband, does not suffice to distinguish the instant case upon the facts. Aside from the mere matter of administration, there is little or no difference beween the interest of the respective spouses in the property belonging to the conjugal partnership. It is true that at the date of the mortgage, one year before the revision of the Civil Code, the signature and express consent of the wife was not required. *But it is not true that the husband was the sole and exclusive record owner and debtor.* Both the record and the mortgage showed him to be a married man, and, therefore, the property to be community property. The record owner and debtor was the conjugal partnership. And upon the death of either of the spouses an undivided one-half interest in all community property, subject only to certain contingencies that might or might not arise during the course of liquidation, vests at once in the heirs of the deceased.

"The contention that the demand for payment is a *mere matter of procedure, and not jurisdictional, does not demand serious discussion.* An answer may be found in *Arvelo* v. *Banco, supra,* and in *López Comas* v. *Quiñones,* 30 P.R.R. 317.

"Inasmuch as the publication of the notice of sale, *however regular, could not supply the lack of jurisdiction over the person,* the error specified in the third assignment, if committed, was harmless." (Italics ours.)

Similarly, in *Irizarry et al.* v. *Bartolomey,* 32 P.R.R. 849, it was held, to quote from the syllabus, that—

"When community property is mortgaged and the foreclosure proceeding is brought after the death of the spouses, the proceeding and the sale of the mortgaged property are void as to the heirs of both spouses who were not made defendants as such."

In *Federal Land Bank* v. *Registrar,* 50 P.R.R. 786, 787, when confirming a former case concerning the summons by publication of "John Doe and Richard Roe" as the unknown heirs, it was held by this court speaking through Mr. Chief Justice Del Toro as follows:

"The judicial sale in question was carried out in execution of a judgment entered by the District Court of the United States for the District of Puerto Rico in a suit brought here by the Federal Land Bank for the collection of a certain credit secured by mortgage. One of the debtors—Carmen Luisa Gutiérrez González—having died, the complaint was filed against 'John Doe and Richard Roe' as her unknown heirs, *and they were summoned by publication.* In addition to that, since the plaintiff was aware of the existence of the husband and of two children of that debtor, they were personally served and permitted to appear in the suit.

"The registrar does not contend that the service by publication was not in accordance with law. *If it was done in due form it was sufficient,* in accordance with the decision in the case of the *Federal Land Bank of Baltimore* v. *Registrar of Mayagüez,* 46 P.R.R. 270, 273, to wit:

" 'The proceeding was not brought against the succession of Nicolás Cuebas Lugo as a separate entity, as a separate artificial person, and following the rule laid down by this court in the case of *Dapena* v. *Estate of Dominici,* 12 P.R.R. 64, cited in that of Arvelo, *supra,* it was averred that the succession was composed of certain persons who, being unknown to the plaintiff, were designated by fictitious names. This is ordinarily sufficient.' " (Italics ours.)

█ As it appears on the face of the instrument presented to the registrar that the District Court of Mayagüez had acted without jurisdiction in the summary foreclosure proceeding by reason of the failure to serve the demand for payment in proper form, the respondent was justified, under § 18 of the Mortgage Law, in inquiring into the court's jurisdiction to enter the order made in said case, directing the

sale at public auction of the mortgaged property without any compliance being had with the aforesaid requisite. *Ferraioli* v. *Registrar*, 21 P.R.R. 477; *Zayas* v. *Registrar*, 36 P.R.R. 705.